

# The Attorney General of Texas

July 27, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable A. R. Schwartz
Chairman
Senate Jurisprudence Committee
State Capitol
Austin, Texas 78711

Opinion No. H-1218

Re: Distribution and use of probation fees.

Dear Senator Schwartz:

You ask several questions about the distribution and use of probation fees after September 1, 1978, when new legislation on the financing of probation services becomes effective. Article 42.12 of the Code of Criminal Procedure in its present form requires the county to pay the salaries of personnel and other expenses essential to the adequate supervision of probationers. Sec. 10 (effective until September 1, 1978). Counties have paid these expenses in part from probation fees, which the court orders the probationer to pay pursuant to section 6a(a) of article 42.12. Section 6a(b) requires the court to distribute the fees "to the county or counties in which the court has jurisdiction for use in administering the probation laws." However, Senate Bill 39, enacted by the sixty-fifth legislature, provides for state funding for probation services. Acts 1977, 65th Leg., ch. 343, at 910. It creates the Texas Adult Probation Commission with authority to establish minimum standards for the operation of probation programs and to distribute state aid to them. Code Crim. Proc. art. 42.121. It also amends section 10 of article 42.12, effective September 1, 1978, to provide in part:

(a) . . . the district judge or district judges having original jurisdiction of criminal actions in each judicial district in this state shall establish a probation office

. . . .

. . . .

(h) The salaries of personnel, and other expenses essential to the adequate supervision of probationers, shall be paid from the funds of the judicial district.

You ask whether the courts must continue to distribute probation fees to the counties after the amended section 10, article 42.12 becomes effective

on September 1, 1978. Article 42.12, section 6a(b), providing for distribution of the fees, was not amended or expressly repealed by the sixty-fifth legislature. Nevertheless, since probation fees must be used "in administering the probation laws," changes in the probation laws are likely to affect the use of fees. Senate Bill 39 requires the judicial district to assume many expenses of probation formerly paid by the county. Code Crim. Proc. art. 42.12.

In interpreting the amended section 10 of article 42.12, we may consider legislative history. Code Construction Act, V.T.C.S. art. 5429b-2, § 3.03(3). The subcommittee which recommended Senate Bill 39 estimated that the cost to the state per probationer per day for the state-wide system would be $.97. Joint Advisory Committee on Government Operations — Subcommittee on Corrections, Report with Recommendations to the Governor of Texas and Members of the Sixty-Fifth Texas Legislature 44 (1977). The fiscal note, in estimating the amount of state aid required by Senate Bill 39, assumed that $.22 of the $.97 per probationer cost would come from monthly supervision fees. Fiscal Note on Senate Bill No. 39, March 17, 1977. Thus, the fiscal note combined state aid with probation fees, making separate reference to the costs for which the county would be responsible. In addition, a witness before the House Criminal Jurisprudence Committee stated that probation fees would go into the same fund as state aid. Tape recording of public hearing on Senate Bill 39, March 29, 1977. We believe that the legislature intended probation fees to be distributed for the same purposes as state aid and viewed them as funds of the judicial district.

Article 42.121, section 4.05(b) provides as follows:

> The fiscal officer designated for the district shall deposit all state-aid received under this article in a special fund of the county treasury, to be used solely for the provision of adult probation services and community-based correctional programs and facilities other than jails or prisons.

We believe the probation fees should be deposited in this fund in the county treasury. This procedure will comply with the language of section 6a(b) of article 42.12. See also Attorney General Opinion M-784 (1971) (county must deposit probation fees in special trust fund or in general fund earmarked for probation services). In addition, it will fulfill the legislative intent underlying Senate Bill 39 that probation fees and state aid be used together to support probation services. The Adult Probation Commission has reached the same conclusion with respect to the distribution of probation fees. It has promulgated a rule requiring that adult probation fees be deposited in the special fund of the county treasury along with state aid. Rule 608.01.00.080, 3 Texas Register 1720 (1978).

Your second and third questions concern the authority of the county to use the probation fees, and the purposes for which they can be spent. Although the fees and state aid funds are to be kept in the county treasury, the judicial district

is the administrative unit.  See Code Crim. Proc. art. 42.12, S 10(a) (effective September 1, 1978).  Section 10(h) provides that the "salaries of personnel, and other expenses essential to the adequate supervision of probationers, shall be paid from the funds of the judicial district."  We believe the probation fees, along with state aid, should be spent in accordance with this provision.  Section 10 of article 42.12 refers to various expenses of probation.  Section 10(f) states in part:

> It shall be the responsibility of the county or counties comprising the judicial district or geographical area served by such district probation department to provide physical facilities, equipment, and utilities for an effective and professional adult probation and adult community-based correctional service.

In our opinion, this provision requires the counties to provide, from their own funds and not from probation fees, the physical facilities, equipment, and utilities needed for the probation office.  All other expenses are to be paid from district funds, which include probation fees.  Testimony before a legislative committee indicated that Senate Bill 39 made the county responsible for facilities, utilities, and equipment, while the state was to be responsible for salaries, benefits, supplies, travel, and training.  Tape of public hearing on S.B. 39, House Criminal Jurisprudence Committee, March 29, 1977.  See also Joint Advisory Committee on Government Operations — Subcommittee on Corrections, supra.

We will consider your sixth question out of order, since it concerns the definition of the term "physical facilities, equipment, and utilities" in section 10(f). You ask whether this term includes automobiles or automobile expenses and mileage.  Section 10(e) states that probation officers shall be furnished transportation or an allowance for use of a personal automobile on official business.  We believe the automobile and automobile expenses are not facilities, equipment, or utilities which a county must provide.  As already noted, legislative history indicates that travel expenses would be the state's responsibility.  Also, the specific mention of automobiles in section 10(e) would tend to indicate that they are not "equipment" within section 10(f).  You also ask whether telephones and telephone bills are "physical facilities, equipment, [or] utilities," to be provided by the county.  In our opinion, the term "utilities" includes local telephone service. See V.T.C.S. art. 1446c, S 3(2)(a) ("utility" in Public Utility Regulatory Act includes entity selling telephone services); V.T.C.S. art. 6674w-4 (statute on relocation of utility facilities covers telephone facilities).  We believe the county should pay the telephone installation costs and telephone bills for local calls.

Your fourth question asks whether the fees or state aid can be used for juvenile probation services.  Article 42.121, section 4.05(b) provides that state aid is to be used "solely for the provision of adult probation services and community-based correctional programs and facilities other than jails and prisons."  This provision makes it clear that state aid may not be used for juvenile probation

services. Probation fees are to be used "in administering the probation laws." In Attorney General Opinion H-89 (1973) we stated that the primary purpose of the fees was the administration of the Adult Probation Law. However, relying on language in section 10 of article 42.12, which indicated some correlation between the adult and juvenile programs, the opinion reached the following conclusion:

> [If] . . . surplus funds are on hand, we cannot say that the statute or legislative intent prohibits use of such funds for financing and administering juvenile probation.

The language in section 10 upon which Attorney General Opinion H-89 relied has been deleted in the amended version of section 10. The quoted conclusion of Attorney General Opinion H-89 is not applicable to the version of section 10 that will be effective September 1, 1978. After that date, surplus probation fees may not be used for administration of juvenile probation.

Your fifth question asks whether the fees or state aid can be used for the salary of a probation officer who voluntarily serves both adults and juveniles. Article 42.12, section 10(d) provides that "[t]he same person serving as a probation officer for juveniles may not be required to serve as a probation officer for adults and vice versa." If one person voluntarily serves both adults and juveniles, we believe the state aid and fees may be used only to pay the portion of his salary attributable to adult probation services.

## S U M M A R Y

> After September 1, 1978, when the amended version of article 42.12, section 10 of the Code of Criminal Procedure becomes effective, probation fees should be distributed to a special fund in the county treasury established pursuant to article 42.121, section 4.05(b) of the Code of Criminal Procedure. The probation fees, along with state aid, shall be used to pay salaries and other expenses of probation, including automobile expenses. Counties must provide physical facilities, equipment, and utilities, including telephone service, for probation offices, and may not use probation fees to pay for these expenses. Neither state aid distributed under article 42.121, Code of Criminal Procedure, nor probation fees may be used to support juvenile probation services. If one probation officer voluntarily serves both juvenile and adult probationers, state aid and probation fees may be used to pay only that portion of his salary attributable to adult probation services.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn